UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>BRYAN RANDELL KELLY,<br><br>Defendant/Movant. | No. 3:11-CR-6-DCR-REW<br>No. 3:16-CV-42-DCR-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 20, 2016,[1] Defendant/Movant, Bryan Randell Kelly, filed a *pro se*[2] motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. DE #166 (Motion). After the Court commenced initial screening, Kelly timely filed an amended motion, per the Court's Order. *See* DE #170 (Amended Motion). Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has completed its initial review of the motions. Based on the Court's initial consideration, it "plainly appears from the motion[s] . . . and the record of prior proceedings that [Kelly] is not entitled to relief[.]" Rule 4(b). Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE ##166 & 170 and **DENY** a Certificate of Appealability.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Kelly affirmed under penalty of perjury that he executed and placed the original motion in the prison mailing system on June 20, 2016. DE #166, at 12.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

1

I.   **Relevant Factual and Procedural Background**

On April 27, 2011, a grand jury indicted Kelly and a Co-Defendant on charges under 18 U.S.C. §§ 2113(a) and (d), 924(c)(1)(A)(ii), and 2. *See* DE #1 (Indictment). Kelly went to trial, and the jury found him guilty on both Counts. DE #79 (Jury Verdict). The Court sentenced him on November 15, 2011. DE #97 (Minute Entry). Defendant received a total 196-month prison sentence, followed by a 5-year term of supervised release. DE #99 (Judgment). Kelly appealed; the Sixth Circuit affirmed. DE #126 (Sixth Circuit Opinion). On June 20, 2016, Kelly filed the § 2255 motion, later supplemented with a motion responsive to the Court's initial concern, purportedly premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The matter is ripe for screening.

II.  **Analysis**

The Court conducts a preliminary review of § 2255 motions:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b). Summary dismissal is appropriate for "wholly conclusory or frivolous" claims, *Sappington v. United States*, 76 F.3d 379, 1996 WL 28819, at *1 (6th Cir. Jan. 24, 1996) (table), or "vague and conclusory allegations." *United States v. Mercer*, 289 F. App'x 481, 482 (3d Cir. 2008); *see also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("Under [the Rule 4(b)] standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." (internal

quotation marks and citation omitted); *United States v. Redhead*, No. CR-IO-81-GF-SEH, 2012 WL 3039823, at *1 (D. Mont. July 23, 2012) (quoting Advisory Committee Note, Rule 4, Rules Governing § 2254 Cases: "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). However, motions stating a factual basis that show "a real possibility of constitutional error" should not be dismissed on initial review. *Redhead*, 2012 WL 3039823, at *1 (quoting *Calderon v. United States Dist. Ct.*, 98 F.3d 1102, 1109 (9th Cir. 1996)). If a court dismisses under Rule 4(b), the court should "enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." *Doss v. United States*, 977 F.2d 580, 1992 WL 289587, at *1 (6th Cir. Oct. 14, 1992) (table) (quoting *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982) (*per curiam*)).

In the instant motion, Kelly states a sole ground for relief:

> Under Johnson . . . they found his priors that enhanced him as unconstitutional, for being vague and for crimes that are not considered violent. Tho[ugh] I'm not a[n] ACCA [offender], or career criminal[,] I do have a 924c argu[]ment, and the courts did use my PSI document to put me into a Guideline range that[']s incorrect[,] because I don't have the violent history they sentenced me for.

DE #170, at 4.[3] For the following reasons, the claim is wholly without merit. Accordingly, the Court does not direct further proceedings but instead recommends dismissal under Rule 4(b).

*Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). 135 S. Ct. at 2563.[4] Here, the

---

[3] In this Recommendation, the Court will cite only DE #170, Kelly's corrected motion. DE ##170 and 166 are substantively identical. Kelly only added, per the Court's order, specification of the relief requested. *Compare* DE #166, at 12 (not stating relief requested), *with* DE #170, at 12 (so stating).

3

Court did not sentence Kelly under the ACCA, which applies only to § 922(g) violators, at all (much less utilizing its residual clause). Instead, Kelly violated §§ 2113(a) and (d), 924(c)(1)(A)(ii), and 2. *See* DE #99 (Judgment). Further, Kelly did not qualify for, and the Court did not apply, the career offender Guideline (thus, again, not using its residual clause either). *See* U.S.S.G. §§ 4B1.1 & 4B1.2; DE ##106 (PSR), 119 (Sentencing Tr.); *United States v. Pawlak*, ___ F.3d ___, No. 15-3566, 2016 WL 2802723, at *4 (6th Cir. May 13, 2016) (applying "*Johnson*'s rationale . . . with equal force to the Guidelines' residual clause"). Kelly fully recognized this: "I'm not a[n] ACCA [offender], or career criminal[.]" DE #170, at 4. Kelly—sentenced under neither the ACCA nor the career offender Guideline—obviously presents no direct *Johnson* issue. *See, e.g.*, *Carter v. United States*, No. 1:15-CV-1196, 2016 WL 3027197, at *3 (W.D. Mich. May 27, 2016) (*Johnson* and *Pawlak* "do not apply because Movant[, who violated only 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii),] was not sentenced under the residual clause of the career-offender guideline.").

Kelly's murkily stated twist—that *Johnson* impacts some unspecified aspect of § 924(c), presumably § 924(c)(3)(B)—is wrong.[5] The Sixth Circuit has explicitly rejected

---

[4] "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

[5] The Court gathers—although Kelly is not explicit—that Movant's argument is that his conviction for violating §§ 2113(a) and (d) no longer qualifies as a "crime of violence" under § 924(c)(1)(A), per the definition at (c)(3)(B). *Johnson* only conceivably (if at all) impacts (c)(3)(B), not (c)(3)(A)'s element clause. *See, e.g.*, *United States v. Lusenhop*, No. 1:14-CR-122, 2015 WL 5016514, at *3 (S.D. Ohio Aug. 25, 2015) ("Defendant does not suggest that the recent *Johnson* decision changed the landscape regarding the proper application of Section 924(c)(3)(A); indeed, as noted above, the Supreme Court expressly stated that nothing in its opinion about the ACCA's residual clause calls into question the definition of a 'violent felony' contained in Section 924(e)(2)(B)(I)."); *United States v. Perry*, Nos. 14-231, 16-292, 2016 WL 3676596, at *2 (S.D. Ala. July 5, 2016) (stating that because a specified crime "is, by definition, a crime of violence under § 924(c)(3)(A), *Johnson* does not apply"); *In re Fleur*, ___ F.3d ___, No. 16-12299-J, 2016

4

this argument. *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) ("Taylor's argument that *Johnson* effectively invalidated § 924(c)(3)(B) is accordingly without merit."); *see also United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (recognizing that *Taylor* rejected the "argument that § 924(c)(3)(B) is rendered unconstitutional by application of *Johnson*"); *Bryant v. United States*, No. 1:16-CV-688, 2016 WL 3251579, at *2 (W.D. Mich. June 14, 2016) ("Movant's reliance on *Johnson* is unavailing because the Supreme Court did not examine the residual clause in § 924(c), which is worded differently than the residual clause in the ACCA. Indeed, the Sixth Circuit has examined the residual clause in § 924(c) and determined that the analysis in *Johnson* does not apply.").[6]

---

WL 3190539, at *4 (11th Cir. June 8, 2016) (If an "offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)[,]" the "sentence would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional.").

[6]  Liberally construing the motion, to the extent Kelly may suggest that the armed bank robbery conviction does not qualify under § 924(c)(3)(A), the Sixth Circuit has also recently rejected that proposition. *United States v. McBride*, ___ F.3d ___, Nos. 15-3759, 15-3761, 15-3762, 15-3763, 15-3764, 2016 WL 3209496, at *2-*3 (6th Cir. June 10, 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.' [Further, a] taking by intimidation under § 2113(a) [also] involves the threat to use physical force."); *see also Jefferson*, 2016 WL 3523849, at *2 ("Jefferson also argues that the armed bank robbery conviction does not qualify under § 924(c)(3)(A) because armed bank robbery can be committed without the use of 'violent force.' That position is also precluded by published precedent[.]" (citing *McBride*)); *cf. Danielson v. United States*, Nos. 14-751(02) DKW, 16-364 DKW-KSC, 2016 WL 3676103, at *2 (D. Haw. July 7, 2016) (referencing a prior determination that "violation of Section 2113(a) and (d) . . . is categorically a 'crime of violence' under the Section 924(c)(3)(A) force clause"); *United States v. Taylor*, Nos. H-13-101, H-16-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016) (citing cases). This is just what the Indictment charged. *See* DE #1, at Count 1 (also alleging subsection (d) assault or placement of the life of a person in jeopardy by use of a dangerous weapon).

Other procedural bases exist for denial of this construed claim. On Kelly's direct appeal, the Sixth Circuit upheld the § 924(c) conviction, DE #126, at 6, and Kelly may not relitigate the already decided question (on this decidedly non-*Johnson* ground), *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999); *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996), or raise an issue outside the scope of the appeal, *Regalado v. United States*, 334 F.3d 520,

5

Because Kelly raises no true *Johnson* issue, the motion (filed nearly 3 years following appeal conclusion) is likely time barred, but, at this stage, the Court recommends dismissal only based on the motion's obvious substantive frivolity. Simply put, *Johnson* did not invalidate any portion of § 924(c), *Taylor*, 814 F.3d at 375-79, which is Kelly's sole stated ground for relief.[7]

### III.  Certificate of Appealability

A certificate of appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

528 (6th Cir. 2003) (stating: "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process" and expounding on the standard). Regardless, under such a theory, the non-*Johnson* § 2255 motion would also likely be barred as untimely. *See* 28 U.S.C. § 2255(f).

[7] To the extent Kelly may seek to independently challenge the calculated Guideline range, DE #170, at 4 ("[T]he courts did use my PSI document to put me into a Guideline range that[']s incorrect, because I don't have the violent history they sentenced me for."), he states utterly no facts to support the claim, and, regardless, that topic is foreign to *Johnson* subject matter.

*Slack*, 120 S. Ct. at 1604. Kelly's motion, staked infirmly on *Johnson*, presents no issue of reasonable debate per the applicable standards. Kelly presented a motion upon which the Court plainly cannot afford relief, as dismissal on Rule 4(b) screening indicates. Thus, no basis exists for issuance of a Certificate of Appealability.[8]

IV.     **Recommendation**

Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE ##166 & 170 and **DENY** a Certificate of Appealability.

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[8] Kelly does not request an evidentiary hearing. Nevertheless, the Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Kelly's claim does not warrant a hearing; the § 2255 motion filings and record of the case conclusively show, for the reasons stated above, that Kelly's claim fails. There are no contested factual issues that justify a hearing; Kelly's motion focuses solely on the legal effect of *Johnson* on his conviction. The record, which needs no further development, and the law foreclose relief.

7

To the extent required, this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made under Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 14th day of July, 2016.

Signed By:
Robert E. Wier   REW
United States Magistrate Judge