UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 11-06-DCR |
| ) | and |
| V. ) | Civil Action No. 3: 16-42-DCR |
| ) | |
| BRYAN RANDELL KELLY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Bryan Kelly's motion and "corrected motion" seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record Nos. 166; 170]  In accordance with 28 U.S.C. § 636(b)(1)(B), the motions were referred to a United States Magistrate Judge for issuance of a report and recommendation.  On July 14, 2016, Magistrate Judge Robert E. Wier issued a Recommended Disposition, concluding that Kelly's motions should be summarily dismissed.  [Record No. 173] Additionally, Magistrate Judge Wier recommended that a Certificate of Appealability not be issued.  [*Id.*]  Neither Kelly nor the United States has filed objections to the Recommended Disposition.

**I.**

While this Court reviews *de novo* those portions of a magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to the magistrate judge's findings of fact and recommendations waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154−55 (6th Cir. 1986).

Kelly did not file objections to the Recommended Disposition and the time to do so has expired. Nevertheless, the Court has reviewed the record *de novo*. After fully considering the record, the Court agrees with the Magistrate Judge's analysis and conclusions. Thus, it will summarily dismiss Kelly's motions to vacate his sentence and deny issuance of a Certificate of Appealability.

**II.**

On April 27, 2011, a federal grand jury indicted Kelly and co-defendant Edward Cook for bank robbery by force, violence, or intimidation in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Record No. 1] At trial, the jury found the defendants guilty of both counts. [Record No. 79] On November 16, 2011, the Court sentenced Kelly to a total term of imprisonment of 196 months, followed by five years of supervised release. [Record No. 99]

On appeal, both defendants argued that the district court erred by admitting evidence that was more prejudicial than probative at trial. [Record No. 126, p. 2] Co-defendant Cook also challenged the district court's denial of his severance motion. [*Id.*, p. 4] In addition, both defendants questioned the sufficiency of the evidence. [*Id.*] However, the United States Court of Appeals for the Sixth Circuit rejected their challenges and affirmed the Judgments on October 3, 2013. [*Id.*, p. 1] On June 20, 2016, Kelly filed the present motion under § 2255,

and subsequently filing a "corrected" motion that states the specific relief requested. [Record Nos. 166, p. 12; 170]

### III.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude that had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Additionally, to prevail on a claim of nonconstitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal quotation marks omitted).

A one-year statute of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)−(4).

### IV.

Kelly filed the present motion to vacate his sentence on June 20, 2016, asserting that he was improperly sentenced under 18 U.S.C. § 924(c) based on the Supreme Court's decision in *Johnson v. United States* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because it is unconstitutionally vague.[1] *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). [Record No. 166, p. 4] He then filed a supplemental motion to vacate, specifying the nature of his request for relief. [Record No. 170, p. 12] The Magistrate Judge recommends summarily dismissing the motions on the merits under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts.[2] [Record No. 173, p. 3] The Court will adopt the recommendation; however, it will briefly address the timeliness issue, as well.

Because Kelly was unsuccessful on appeal, his conviction became final when the time to file a writ of certiorari expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Kelly's sentence was affirmed on October 3, 2013. [*See* Record No. 126.]

---

[1] Kelly previously moved for appointment of counsel for his habeas motion, which the Magistrate Judge denied. [Record Nos. 171; 172] To the extent that Order was preliminary, the Court notes that the United States Constitution does not provide a right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). For most motions seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Having reviewed the file of this matter, the Court still does not believe that counsel should be appointed because the issues Kelly raises are not complex and they can be determined from the record. Further, neither due process nor the best interests of justice indicate that counsel should be provided.

[2] Under Rule 4, the Court must dismiss a motion under § 2255 if it "plainly appears" that the moving party is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

He then had 90 days to file a writ of certiorari, meaning his conviction became final on January 1, 2014. *See* Rule 13 of the Rules of the Supreme Court of the United States. As a result, the deadline for Kelly to file the present motion was January 1, 2015. *See* 28 U.S.C. § 2255(f)(1). However, Kelly argues that his motion is timely because *Johnson* was decided on June 26, 2015, and it applies retroactively to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3). 135 S. Ct. at 2551; *In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015). [Record No. 170, p. 10]

Because *Johnson* is clearly inapplicable to the defendant's case, the § 2255 motion and corrected motion will be summarily dismissed.[3] *Johnson* addressed the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),[4] holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Kelly concedes that he was not sentenced as an armed career criminal because he was sentenced under 18 U.S.C. § 924(c)(1)(A)(ii), which increases the sentences of those who brandish a

---

[3] The defendant's *Johnson* claim appears to be his only claim for relief. [Record No. 170, p. 4]

[4] Defendants who violate 18 U.S.C. § 922(g) and have three previous convictions for a "violent felony" or "serious drug offense" are subject to an enhanced sentence under the ACCA. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion is known as the "residual clause."

firearm during and in relation to a crime of violence.[5] [Record Nos. 170, p. 4; 106, pp. 6−7] He also admits that he was not sentenced as a career offender under the United States Sentencing Guidelines. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson* invalidates the residual clause in U.S.S.G. § 4B1.2(a)(2)). [Record Nos. 170, p. 4; 106, pp. 6−7]

But the definition for "crime of violence" appearing in § 924(c)(3) resembles the definition for "violent felony" in § 924(e)(2)(B). A crime of violence is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Thus, Kelly seems to argue that his sentence is invalid because one of the clauses used in defining "crime of violence," *see* § 924(c)(3)(B), corresponds to the residual clause in the definition of "violent felony" in § 924(e)(2)(B)(ii). However, as the Magistrate Judge noted in his Recommended Disposition, the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally vague. *See United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (differentiating the language in the two provisions). [Record No. 173, pp. 4−5] Consequently, the holding in *Johnson* does not apply to Kelly's sentence or establish that Kelly was sentenced in violation of the Constitution or federal law. *See* 28 U.S.C. § 2255(a). Therefore, the Magistrate Judge properly determined that summary dismissal under Rule 4 is

---

[5] Kelly's corrected motion references "enhancements for prior PSR convictions" that are "no longer predicates." [Record No. 170, p. 12] While his prior convictions were used to calculate his criminal history category, they were not used for enhancements. [Record No. 106, pp. 7−11]

appropriate.[6] *See Sappington v. United States*, 76 F.3d 379 (table), 1996 WL 28819, at *1 (6th Cir. Jan. 24, 1996). [Record No. 173, p. 6] Because it plainly appears from the motions and record that Kelly is not entitled to relief, the Court will summarily dismiss Kelly's § 2255 motions.

Further, because *Johnson* is inapplicable, the period of limitation for Kelly to file his § 2255 motion did not run from the date on which *Johnson* was decided, but rather from the date on which his conviction became final, making the motion to vacate untimely. *See* 28 U.S.C. § 2255(f)(1). Kelly has not demonstrated (or even alleged) that he is entitled to equitable tolling. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). As a result, the Court could, alternatively, deny the § 2255 motion as untimely.[7] *See, e.g., Gibson v. United States*, No. 1:07-CV-491, 2007 WL 2875286, *2 (W.D. Mich. Sept. 28, 2007) (suggesting that summary dismissal on timeliness grounds may not be appropriate where the petitioner does not have an opportunity to be heard on the statute of limitations issue).

---

[6] Moreover, Kelly was not sentenced under § 924(c)(3)(B) because bank robbery by force, violence, or intimidation qualifies as a crime of violence under § 924(c)(3)(A) where it involves taking property from a person. *See United States v. McBride*, __ F.3d __, 2016 WL 3209496, *2 (6th Cir. Jun. 10, 2016). [Record No. 1] Even if *Johnson* invalidated § 924(c)(3)(B), it would not invalidate § 924(c)(3)(A). *See In re Fleur*, __ F.3d __, No. 16-12299-J, 2016 WL 3190539, *4 (11th Cir. Jun. 8, 2016). Thus, the Court rejects any argument Kelly raises that his bank robbery conviction is "no longer [a] predicate[]." [Record No. 170, p. 12]

[7] While the Court does not perceive Kelly to raise any non-*Johnson* claims for relief, to the extent he argues that he was improperly sentenced under § 924(c) for a non-*Johnson*-related issue, the Court agrees with the Magistrate Judge that he cannot re-litigate that issue because it was addressed on appeal. *See Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). [Record No. 126, p. 5] To the extent he raises a non-*Johnson* claim that was *not* addressed on appeal, he procedurally defaulted such a claim because he has not alleged good cause and prejudice or actual innocence for his failure to raise the issue on appeal. *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Additionally, because Kelly alleges no facts to support any of those potential claims, he has waived those arguments. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

**V.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Kelly has not demonstrated that reasonable jurists would disagree regarding whether he qualified for the enhancement under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during and in relation to a crime of violence, or whether *Johnson* applies to his sentence. Further, Kelly cannot show that reasonable jurists would debate whether he has validly stated a constitutional claim. Thus, the Magistrate Judge properly concluded that he is not entitled to a Certificate of Appealability on any of the issues raised in this proceeding. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484. [Record No. 173, p. 7]

Finally, Kelly did not specifically request an evidentiary hearing, and the record conclusively shows that he is not entitled to relief. Further, the defendant presents a legal, rather than a factual, dispute. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Therefore, an evidentiary hearing is not warranted. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## VI.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 173] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Bryan Kelly's motion and corrected motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record Nos. 166; 170] are **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings. This matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

4. A Judgment in favor of the United States shall issue this date.

This 17th day of August, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge