UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 11-006-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRYAN RANDELL KELLY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury found Defendant Bryan Kelly guilty of aggravated bank robbery (Count 1) and using a firearm during a crime of violence (Count 2). [Record No. 79] On November 15, 2011, he was sentenced to a total term of 196 months' imprisonment. [Record No. 99] Kelly received 112 months' imprisonment for Count 1, based on a total offense level of 25 and criminal history category of V, which produced an advisory guidelines range of 100 to 125 months' imprisonment. [PSR ¶ 70] Kelly faced a mandatory minimum sentence of 84 months' imprisonment on Count 2, which ran consecutively to Count 1 pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(D)(ii).

Amendment 821 (Part A), which became effective on November 1, 2023, eliminates all "status points" for defendants with six or fewer criminal history points. *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023. And for defendants like Kelly who have a subtotal criminal history score of seven or more points, status points are reduced from two to one.

At the time of his sentencing hearing, Kelly had ten criminal history points which placed him in Criminal History Category V. [PSR ¶ 47] Consistent with Amendment 821, he

- 1 -

is eligible for a reduction in status points from two to one, resulting in a recalculated nine criminal history points—Criminal History Category IV.

But the Court's inquiry does not end there. Even if a reduction is authorized under §1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Consistent with General Order 23-21, the United States Probation Office for the Eastern District of Kentucky prepared an analysis regarding Kelly's eligibility for a retroactive sentence reduction pursuant to Amendment 821 (Part A) to the United States Sentencing Guidelines. The Court directed that the report be shared with Kelly and the United States, and provided both parties with an opportunity to address whether a sentence reduction would be appropriate in this situation. [Record No. 183]

Following further review, the Court agrees with the United States that no such reduction is warranted for Defendant Kelly. His sentence already reflects the shortest period of incarceration that would be sufficient to satisfy the purposes set forth in 18 U.S.C. § 3553(a), while being no longer than necessary to achieve those purposes. Kelly's criminal history demonstrates a wanton disregard for the safety and wellbeing of those around him as well as a brazen lack of respect for the law. In less than three years' time, Kelly was convicted twice for DUI, twice for operating a vehicle on a suspended license, once for disorderly conduct, twice for theft, and once for assault. [PSR ¶¶ 37–44] Within that same three-year period, he committed the instant offenses, during which he grabbed two bank tellers while pointing a loaded firearm at them.

During the sentencing hearing, the undersigned acknowledged the role that Kelly's youth may have played in his decision-making and entered a number of recommendations and

- 2 -

special conditions aimed at helping the defendant turn his life around.  [*See* Record No. 119]

Regrettably, the disciplinary records provided by the BOP show that Kelly's lack of respect for the law has continued throughout his incarceration.  Kelly has received **twenty** disciplinary infractions including: assault, fighting, theft, ongoing issues relating to substance abuse, and more.  [*See* U.S. Probation Office Memorandum]   And despite the Court recommending that Kelly participate in the intensive drug education and treatment program, he reportedly has declined such participation.  [Record No. 185, p. 6]

Kelly indicates that he "can and will walk a positive path and make the best decisions possible."  [Record No. 186]  The information before the Court, however, demonstrates a consistent unwillingness to do so, and the Court takes that into account when assessing whether the goals of punishment and deterrence have been achieved in a particular case.  When it comes to Defendant Kelly, the record indicates that those goals have not yet been achieved.  The Court's review of the 18 U.S.C. § 3553(a) factors in this case makes clear that a sentence reduction for Kelly would be inappropriate.  Accordingly, it is hereby

**ORDERED** that Defendant Kelly's sentence will not be reduced pursuant to Amendment 821 (Part A) to the United States Sentencing Guidelines.

Dated: January 30, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky